IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALLSTATE INSURANCE COMPANY**,

      Plaintiff,

vs.                                          No. CIV 00-382 LCS/KBM

**INDEPENDENT APPLIANCE &**
**REFRIGERATION SERVICE, INC., et al.**

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court of Defendants' Motion for Reconsideration or, in the Alternative, for Clarification filed March 16, 2001 (*Doc. 46*). The Court, having considered the pleadings, the arguments by the parties and the applicable law, finds that the Motion is not well taken and shall be denied

The Defendants' argue for reconsideration of the Court's Final Order filed on March 9, 2001 (*Doc. 43*). If the motion for reconsideration is filed within ten days of the entry of judgment, the motion is treated as a motion to alter or amend the judgment under FED. R. CIV. PRO. 59( e). Thus, since the Defendants filed their motion on March 16, 2001 and Judgment was entered on March 9, 2001, Rule 59(e) sets the standard for which this Court shall evaluate the Defendants' argument.

Under Rule 59, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *See* 11 Wright, Miller & Kane, Civil 2d § 2810.1, 124 (2000). A Rule 59 motion may be granted only to correct manifest errors of law or fact upon which the

judgment is based, to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to reflect an intervening change in controlling law. *See id.* Rule 59 may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. *See Steele v. Young*, 11 F. 3d 1518, 1520 n. 1 (10th Cir. 1993). In light of their narrow purpose, Rule 59 motions are seldom granted. *See* 11 Wright, Miller & Kane Civil 2d § 2810.1 at 128. The decision of whether to grant or deny a Rule 59 motion is committed to the sound discretion of the trial court. *See Phelps v. Hamilton*, 122 F. 3d 1309, 1324 (10th Cir. 1997). Defendants' disagree with the analysis contained in the January 31, 2001 Memorandum Opinion. However, mere disagreement with a courts analysis does not constitute manifest error within the meaning of Rule 59. *See Phelps*, 122 F. 3d 1309 at 1324. Plaintiffs attempt to re-litigate issues that have already been addressed due to his disagreement with my decision, is not an appropriate basis for relief under Rule 59. Therefore, Defendants' Motion to Reconsider, herein construed as a Rule 59 motion, should be denied.

     The Defendants argue, in the alternative, for a clarification of this Court's Final Order. The Defendants assert that due to the inconsistency between the Memorandum Opinion and the Final Order, the Defendants cannot determine the basis for the Court's ruling. The Final Order states that "it is hereby adjudged and decreed that Allstate is entitled to a declaratory judgment that it validly precluded stacking of more than two uninsured and underinsured motorist coverages under the personal automobile policy applicable to Michael Meister's motor vehicle accident on April 13, 1998." The Memorandum Opinion states that the "Defendant is precluded from stacking his coverage due to sufficient notice that his policy no longer allows multiple premiums nor stacking." The Court fails to find inconsistencies that would require the Court's

2

previous final order to be vacated. With respect the to personal automobile policy, the requested declaratory relief within the Plaintiff's complaint, states that "[b]ecause the clear and unambiguous policy language cited above establishes that stacking of more than two limits of underinsured motorist coverage is precluded under the Allstate Auto policy, Allstate takes the position that only two underinsured motorists coverage limits are potentially implicated." *See* . Pl.'s Complaint at 5. That is the only issue joined and the only one decided. Therefore, the Defendants' Motion, in the alternative, for a clarification of this Court's Final Order is denied.

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration or, in the alternative, for a clarification of this Court's Final Order filed March 16, 2001 (*Doc. 46*) is denied.

**IT IS SO ORDERED.**

_____
**Leslie C. Smith**
**UNITED STATES MAGISTRATE JUDGE**